**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **ANNE PATRICIA HERZOG,** | **Case No.: 6:17-bk-03890-KSJ** |
| **Debtor.** | |
| _____/ | |
| **CAROL FELSING,** | |
| | **Adv. Proc. No. _____** |
| **Plaintiff,** | |
| v. | |
| **ANNE PATRICIA HERZOG,** | |
| **Defendant,** | |
| _____/ | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY**
**OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)**

Creditor, Carol Felsing ("Felsing"), in her capacity as trustee of the Herzog Family Revocable Trust ("Herzog Trust" or "Plaintiff"), hereby files this Complaint against Anne Patricia Herzog ("Debtor" or "Defendant"), to determine the dischargeability of certain of Defendants' debts to Plaintiff pursuant to 11 U.S.C. § 523(a)(4). In support thereof, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1.  On or around June 12, 2017, (the "Petition Date"), Defendant commenced the above-styled Chapter 7 case by the filing of a Voluntary Petition for Relief ("Petition") under the provisions of Chapter 7 of the U.S. Bankruptcy Code, [Doc. 1], in the U.S. Bankruptcy Court for the Middle District of Florida.

1

2. Pursuant to Fed. R. Bankr. P. 4007, Plaintiff is permitted to file a complaint to determine the dischargeability of debt during the pending bankruptcy.

3. Further, pursuant to this Court's order of October 3, 2017, the deadline established for filing a Complaint to determine the dischargeability of certain types of debts, pursuant to 11 U.S.C. § 523, is November 15, 2017.

4. Marie E. Henkel has been appointed as the Trustee over the case pursuant to 11 U.S.C. § 701.

5. Plaintiff is a creditor of the Defendant. Plaintiff filed a proof of claim in the instant matter, Claim 10-1.

6. This Complaint commences an adversary proceeding pursuant to Fed. R. Bankr. P. 7001, *et seq.*

7. Jurisdiction over this matter and over the Defendant is proper in this district, pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

8. Venue over this matter is proper in this district, pursuant to 28 U.S.C. § 1409.

9. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

10. In 2011, Defendant's parents, the settlors of the Herzog Trust, chose to name Defendant as a co-trustee of the Herzog Trust due to her father's diminishing capacity.

11. Defendant accepted that appointment as co-trustee of the Herzog Trust and served as trustee from 2011 to November of 2014.

12. Upon acceptance of this position as co-trustee of the Herzog Trust, an express fiduciary relationship arose between Defendant and the Herzog Trust.

13. During that same period of time, Defendant was also president and an owner of Entech Creative Industries Corporation ("Entech").

14. Defendant started Entech with her former husband and was president for 23 years.

15. As part of her duties as co-trustee of the Herzog Trust, Defendant had plenary power to issue funds from the Herzog Trust to various individuals or entities to ensure that the Herzog Trust achieved its express purpose and acted within its express terms.

16. During her tenure as trustee of the Herzog Trust, Defendant, in order to address various cash flow issues or short falls in Entech's ability to remain a viable company, repeatedly and intentionally made transfers from the Herzog Trust to Entech.

17. These transfers were used to pay Entech's debts, make payroll, and to cover other obligations of Entech.

18. Defendant has admitted that she should not have taken the "loans" from the Herzog Trust, but stated that "keeping my company solvent was important to me."

19. Additionally, Defendant made transfers of funds from Entech into the Herzog Trust in order to shield the funds from seizure by creditors of Entech and commingled funds without keeping records.

20. Defendant further "loaned" funds from the Herzog Trust to her boyfriend at the time, Richard Hester, and, in December of 2016, filed an action against Richard Hester with herself as plaintiff rather than the Herzog Trust.

21. Defendant further "loaned" funds from the Herzog Trust to her friend Laura Jones

22. Defendant also made multiple checks out to herself or cash that were not deposited into the Herzog Trust account and made multiple checks from the Herzog Trust payable to herself.

23. Defendant made a contribution from the Herzog Trust to a political campaign for mayor in Cocoa Beach, Florida.

24. Defendant made "loans" from the Herzog Trust to multiple businesses she owned in North Carolina including Mountain Moon, LLC, which owned real estate, and to her miniature golf business.

25. Defendant used money from the Herzog Trust to pay for personal expenses, including tennis lessons, expenses for a boat, and expenses related to travel.

26. Despite the fact that these transactions were impermissible, and she knew they were impermissible, Defendant intentionally continued to engage in these prohibited transactions throughout her tenure as co-trustee of the Herzog Trust.

27. Defendant, in her capacity as president and owner of Entech failed to repay all amounts taken from the Herzog Trust for her and Entech's benefit.

28. Defendant also failed to repay all amounts taken from the Herzog Trust that were denoted as loans, were used to pay for her personal expenses, or were otherwise used for improper purposes.

29. These withdrawals from the Herzog Trust were not for the benefit of the Herzog Trust's beneficiaries, were contrary to Defendant's fiduciary duties, and were unlawful under Florida law.

30. Eventually, Defendant's siblings became suspicious of what was occurring with these unmonitored transfers, and petitioned to remove her as trustee. They also petitioned for the appointment of a guardian over Joseph and Mary Herzog (the "Herzogs"), by filing an action in the Circuit Court of the 18th Judicial Circuit, in and for Seminole County, Florida, Case No. 2014-GA-001617 (the "Guardianship Action").

31. On November 5, 2014, the guardian appointed over the Herzogs, together with the other beneficiaries of the Herzog Trust, entered into that certain Settlement Agreement with Defendant regarding her withdrawals of funds from the Herzog Trust (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A."**

32. In the Settlement Agreement, *inter alia*, Defendant agreed to and did resign as trustee of the Herzog Trust.

33. In the Settlement Agreement, Defendant and the other parties agreed that the successor trustee, eventually Felsing, would review all records and produce a final accounting of Defendant's tenure as trustee of the Herzog Trust and determine what amounts were still owed by Defendant to the Herzog Trust. Defendant expressly agreed to repay all such sums still due and owing to the Herzog Trust as found by Felsing and the appointed guardian.

34. The Settlement Agreement further required Defendant to cooperate and turn over records related to her tenure as trustee.

35. Defendant failed to turn over much of the records requested, and Felsing was required to seek records for over thirty accounts directly from the respective institutions.

36. Eventually, after multiple disputes and extensive litigation between the parties, the Court in the Guardianship Action entered its *Order on Petitioner's Motion to Compel Compliance with Settlement Agreement* dated February 3, 2017 (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit "B."**

37. In the Order, the Court determined that Defendant was liable to the Herzog Trust for $182,321.61 for "improper distributions by Anne Herzog" and required that Herzog make a repayment.

38. Rather than pay the amounts due for her defalcation from the Herzog Trust, Defendant filed this bankruptcy.

39. The Herzog Trust is entitled to a determination that the $182,321.61 owed, plus all pre-petition fees and costs as the prevailing party under the Settlement Agreement in the amount of $82,193.38, for a total amount due of $264,514.99, is a non-dischargeable debt.

## COUNT I:
## DETERMINATION OF DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(4) – DEFALCATION IN A FIDUCIARY CAPACITY

40. Paragraphs 1 through 39 of this Complaint are hereby incorporated as fully as if restated herein.

41. Pursuant to 11 U.S.C. § 523(a)(4), a discharge pursuant to 11 U.S.C. § 727, does not discharge an individual from any debt for fraud or defalcation while acting in a fiduciary capacity.

42. As further described above, Defendant stood in a fiduciary relationship with the Herzog Trust. More specifically, Defendant acted in a classic fiduciary relationship as the co-trustee of the Herzog Trust.

43. While acting in that fiduciary capacity, Defendant intentionally and with knowledge that her conduct was improper, transferred funds from the Herzog Trust to Entech and otherwise to her personal benefit.

44. Defendant's intentional actions resulted in a large loss of funds in the Herzog Trust that were not meant to be transferred to Entech or any other third party. Instead, those funds were to be used according to the express terms of the Herzog Trust.

45. Defendant exhibited a conscious disregard of the substantial and unjustifiable risk that she would breach her fiduciary duty when she intentionally transferred funds from the Herzog Trust to Entech and others.

46. Further, Defendant intentionally misappropriated Herzog Trust funds while standing in a fiduciary capacity to the Herzog Trust and failed to properly account for these funds.

47. Defendant's defalcation in her fiduciary capacity has resulted in a loss to the Herzog Trust of at least $265,514.99, which amount should be declared as non-dischargeable.

48. As a result of Defendant's defalcation in her fiduciary capacity, the debt owed to the Herzog Trust by Defendant is not dischargeable pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, Plaintiff, Felsing, in her capacity as trustee of the Herzog Trust, respectfully requests that it have the following relief:

a) That the debt owed by the Defendant to the Herzog Trust, as evidenced by the proof of claim filed in this matter, be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); and

b) That all costs be taxed against Defendant; and

c) That the Court grant such other and further relief as it deems just and equitable.

Dated this 13th day of November, 2017.

/s/ Michael A. Nardella_____
Michael A. Nardella, Esq.
Florida Bar No: 51265
**NARDELLA & NARDELLA, PLLC**
250 E. Colonial Drive, Suite 102
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2681
Primary Email: mnardella@nardellalaw.com
Secondary Email: afebres@nardellalaw.com

Attorney for Carol Felsing, as Trustee of the Herzog Family Trust

# Exhibit "A"

Case 6:17-ap-00132-KSJ    Doc 1    Filed 11/14/17    Page 9 of 20

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into on November 5th, 2014 by Joseph B. Herzog, Mary H. Knott, H. Leonard Burke, as Plenary Guardian for Joseph H. Herzog and Mary L. Herzog ("Guardian"), Anne Herzog a/k/a Anne Marhoefer ("Anne") ndividually and as Trustee of the "Herzog Revocable Family Trust" as amended ("Family Trust"), and as Attorney-in-Fact pursuant to the Durable Power of Attorney executed by Joseph H. Herzog and Mary L. Herzog, and as Health Care Surrogate pursuant to the documents executed by Joseph H. Herzog and Mary L. Herzog; and Peter Herzog, John Herzog, Paul Herzog and Julia Herzog for the purpose of resolving by compromise settlement, all claims, liabilities, and disputes between the Parties. In the remainder of this Agreement, the individuals listed above shall be referred to collectively as the "Parties." Joseph H. Herzog and Mary L. Herzog shall be collectively referred to as the "Parents." The "Guardianships" shall refer to the Parents' Guardianships pending in Seminole County, Florida. A copy of the "Herzog Revocable Family Trust" as amended ("Trust"), the Durable Powers of Attorney executed by Joseph H. Herzog and Mary L. Herzog, and the documents designating Anne Herzog a/k/a Anne Marhoefer as Health Care Surrogate for Joseph H. Herzog and Mary L. Herzog are attached hereto as Composite Exhibit "A."

1.  The Parties, without in any way conceding the validity or sufficiency of any claim or contention, desire to fully compromise, finally settle and fully release all claims, disputes and differences between the Parties, except as set forth below.

2.  This Agreement is subject to Court approval in the guardianships of the Parents.

3.  Effective upon Court approval of this Agreement, Anne immediately resigns as Attorney-in-Fact pursuant to the Durable Powers of Attorney executed by Joseph H. Herzog and Mary L. Herzog (See Composite Exhibit "A"), and as a fiduciary in any role for the Parents, with the exception that she will remain the Parents' designated health care surrogate as stated in the documents attached as Composite Exhibit "A" subject to the following: 1) Anne will provide a monthly report to all Parties about the health status and treatment of the Parents; 2) Anne shall provide notice in a timely manner to all Parties of any medical emergency; and 3) Anne will provide advance notice to all Parties of the intent to change the course of medical care for the Parents. Anne irrevocably declines to serve as Personal Representative of the Parents' estates and to the extent that a Successor Personal Representative has been named who is a Party herein, such Party also agrees to decline to serve. The Parties agree that an independent professional and/or institution will serve as Personal Representative of the Parents' estates.

4.  Anne will resign as Trustee of Family Trust upon selection of a successor Trustee of the Family Trust ("Successor Trustee") which will be selected by Anne, Joseph B. Herzog, and Mary H. Knott within 10 days of this Agreement. During the period when Anne is still acting as Trustee from the date of this Agreement until the appointment of the Successor Trustee, she shall take no action without the written consent of the Parties. If Anne, Joseph B. Herzog, and Mary H. Knott cannot agree on a Successor Trustee, then counsel for Joseph B. Herzog and Mary H. Knott and counsel for Anne shall submit their respective top choice for successor trustee, and those two individuals shall unanimously select the Successor Trustee within five days, and shall be paid from the Family Trust for their time in selecting the successor trustee.

5. The Successor Trustee of the Family Trust and the Guardian shall gather all relevant information and prepare an accounting of all of the Parents' assets, whether held in trust, jointly, or individually, from March 2008 through the date of this Agreement. In addition to complying with all applicable statutes, the accounting shall identify and account for sale proceeds from the sale of the Parents' houses in Pennsylvania and Florida and the dispositions of said sale proceeds. The accounting shall also identify all sums of money received by Anne and not repaid by Anne to either the Trust or the Parents' Accounts, as solely determined by the Guardian and the Successor Trustee of the Family Trust, in the performance of their respective fiduciary duties. However, the Guardian and the Successor Trustee shall submit their initial findings to the Parties and the Parties shall have 20 days to meet and confer with the Guardian and the Successor Trustee before the Successor Trustee and the Guardian submit their final accounting. The final accounting shall be concluded within 90 days, and the final report shall be available for all Parties to review.

6. Anne shall repay all sums identified by the Guardian and Successor Trustee as due and owing to the Trust or the Guardianship as solely determined by the Guardian and Trustee. Anne shall be paid the total sum of $100,000 from the Family Trust in full and final satisfaction of all claims that she has for compensation as Trustee, attorney in fact, or in any other capacity for work performed as an individual and fiduciary on behalf of the Parents, the Family Trust, or for Paul Herzog. However, such fee shall be off-set by any amounts due and owing the Trust and/or the Guardianship as solely determined by the Guardian and Trustee. To the extent that there is any amount due and owing to the Family Trust and/ or the Guardianships by Anne which exceeds the amount of compensation, such amount shall be paid by Anne accordingly within 90 days.

7. The Successor Trustee of the Family Trust shall hire a professional, paying such from the Family Trust, to create a Special Needs Trust for Paul Herzog ("Special Needs Trust"). The Trustee of the Family Trust and Julia Herzog shall be Co-Trustees of the Special Needs Trust. The Successor Trustee shall fund the Special Needs Trust in the minimum amount of $30,000, with the sole discretion to increase said funding to a maximum of $125,000 if the Successor Trustee of the Family Trust in his/her/its sole discretion believes the Family Trust assets are sufficient to do so without compromising the financial security of the Parents. The Parties agree that funding for the Special Needs Trust shall first come from repayment of any amounts determined to be owed under paragraph 6 from Anne to the Family Trust, and secondly, from the Family Trust. The Parties agree that any funds going into the Special Needs Trust shall be an off-set to any funds left to Paul Herzog or for Paul Herzog's benefit under the Family Trust and/ or the Parents' estate.

8. The Parties agree to obtain any and all court orders as necessary to fulfill the intent of this Agreement.

9. The attorney's fees and costs for Anne's counsel, and attorney's fees and costs for Joseph B. Herzog and Mary H. Knott's counsel (both Linda Solash-Reed and Shuffield Lowman) shall be paid by the Successor Trustee of the Family Trust within 30 days of presenting their bills to the Successor Trustee, unless there is an objection by the Successor Trustee. If there is an objection by the Successor Trustee that cannot be resolved, the Guardianship court shall award reasonable attorney fees and costs to Foley and Lardner, reasonable attorney fees and costs to

Linda Solash-Reed, and reasonable attorney's fees and costs to Shuffield Lowman. The Parties stipulate that Foley and Lardner, Linda Solash-Reed, and Shuffield Lowman have all benefited the Guardianship and the Family Trust, and are entitled to an award of reasonable attorney's fees and costs. The sole issue in the event of a dispute regarding attorney's fees and costs shall be as to the amount to be awarded. The mediator shall be paid by the Successor Trustee within 30 days of the Agreement.

10. The Parties agree that the Successor Trustee of the Family Trust, within 30 days of this Agreement, shall pay Mary H. Knott the total sum of $5,000 for partial reimbursement of her travel expenses, and pay Joseph B. Herzog the total sum of $2,500 for partial reimbursement of his travel expenses.

11. Anne shall provide full cooperation with the Guardian and the Successor Trustee of the Family Trust in facilitating the terms of this Agreement, and their fiduciary roles, and will provide all information and documents necessary to allow the Guardian and the Trustee of the Family Trust to conduct their investigation and accounting, and to file any unfiled income tax returns for the Parents.

12. The Parties hereby release all claims they may have against each other from the beginning of time through the date of this settlement agreement, except the obligations and agreements set forth herein.

13. This Agreement does not constitute, and shall not be construed as, an admission by any Party of the truth or validity of any claims asserted or contentions advanced by any other Party.

14. This Agreement is entered into in the State of Florida and the Agreement and any rights, remedies or obligations provided for in this Agreement shall be construed and enforced in accordance with the laws of the State of Florida.

15. This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

16. This Agreement shall not be altered, amended or modified by oral representation made before or after the execution of this Agreement. All modifications must be in writing and duly executed by all Parties.

17. If any action is brought to enforce this Agreement, or is brought in connection with any dispute arising out of this Agreement, the prevailing Party or Parties shall be entitled to recover attorney fees and other costs incurred in such litigation.

18. The provisions of this Agreement are severable. If any portion, provision or part of this Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

19. The Parties acknowledge that this Agreement is executed voluntarily by each of them, without duress or undue influence on the part of, or on behalf of any of them.

20. This Agreement shall be effective as a full and final accord and satisfaction and release of all disputes or matters whatsoever between or among the Parties.

21. This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties and the terms of the Agreement are contractual and not merely recitals.

22. There is no other agreement, written or oral, expressed or implied, between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

23. The individuals whose signature are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute the Agreement on behalf of and to bind the entity on whose behalf the signature is affixed.

24. This Agreement may be executed in counterpart, with facsimile signatures or in portable document format (.pdf) and all such counterparts shall constitute a single form of this Agreement. All Parties agree that a true and correct copy of this Agreement shall be as effective as the original.

25. The Parties understand and agree that Alexander S. Douglas, II of Shuffield Lowman & Wilson, P.A. represents solely the interests of Joseph B. Herzog and Mary H. Knott; that Michael Gay of Foley & Lardner, LLP represents solely the interest of Anne Herzog; that Meredith J. Motsinger represents solely the interest of H. Leonard Burke; and that Sara R. Howeller represents solely the interests of the Parents. The unrepresented Parties agree that they have not been given legal advice from the attorneys named in this paragraph or the Mediator, and that they have had the opportunity to hire counsel of their choice but have declined to do so.

**IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the last day set forth below.**

| | |
|---|---|
| Dated:_____ | _____<br>Joseph B. Herzog |
| Dated: __11/5/14__ | _[signature]_____<br>Mary H. Knott |
| Dated __11/5/2014__ | _[signature]_____<br>H. Leonard Burke, as Plenary Guardian for<br>Joseph H. Herzog and Mary L. Herzog |
| Dated __11/5/14__ | _Anne Herzog_____<br>Anne Herzog a/k/a Anne Marhoefer,<br>Individually and as Trustee of the Herzog<br>Revocable Family Trust as Amended, and<br>as Attorney-in-Fact pursuant to the Durable<br>Power of Attorney executed by Joseph H.<br>Herzog and Mary L. Herzog, and as Health<br>Care Surrogate for Joseph H. Herzog and<br>Mary L. Herzog |
| Dated __11/5/14__ | _[signature]_____<br>Peter Herzog |
| Dated __11/5/14__ | _[signature]_____<br>Paul Herzog |
| Dated __11/5/14__ | _[signature]_____<br>John Herzog |
| Dated __11·5·14__ | _[signature]_____<br>Julia Herzog |

Dated 11/5/14

Alexander S. Douglas, II as Counsel for
Joseph B. Herzog and Mary H. Knott

Dated 11/5/14

Michael Gay as Counsel for Anne Herzog

Dated 11-5-14

Meredith J. Motsinger as Counsel for
H. Leonard Burke

Dated 11-5-14

Sara R. Howeller as Counsel for Joseph H.
Herzog and Mary L. Herzog

Dated  11/5/2014          _____
                          Joseph B. Herzog

Dated: _____        _____
                          Mary H. Knott

Dated _____         _____
                          H. Leonard Burke, as Plenary Guardian for
                          Joseph H. Herzog and Mary L. Herzog

Dated _____         _____
                          Anne Herzog f/k/a Anne Marhoefer,
                          Individually and as Trustee of the Herzog
                          Revocable Family Trust as Amended, and
                          as Attorney-in-Fact pursuant to the Durable
                          Power of Attorney executed by Joseph H.
                          Herzog and Mary L. Herzog, and as Health
                          Care Surrogate for Joseph H. Herzog and
                          Mary L. Herzog

Dated _____         _____
                          Peter Herzog

Dated _____         _____
                          Paul Herzog

Dated _____         _____
                          John Herzog

Dated _____         _____
                          Julia Herzog

# Exhibit "B"

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO.: 14-GA-1617

IN RE: GUARDIANSHIP OF
JOSEPH H. and MARY HERZOG

_____/

## ORDER ON PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH SETTLEMENT AGREEMENT

This cause came before the Court upon a hearing on Petitioner's Motion to Compel Compliance with Settlement Agreement beginning on November 30, 2016, and concluding on December 2, 2016. Testimony was presented from Carol Felsing, Anne Herzog, and Leonard Burke. The Court weighed the testimony that was presented by the witnesses, and the Court observed their demeanor while testifying, any inconsistencies and impossibilities in their testimony, their biases, interest in the case, and their straight forwardness.

The Settlement Agreement signed by the parties that the Petitioners seek to compel compliance with indicates that the "Successor Trustee…shall gather all relevant information and prepare an accounting…from March 2008 through the date of this Agreement." The Agreement also indicates that "Anne shall repay all sums identified by the Guardian and Successor Trustee as due and owing to the Trust or the Guardianship as solely determined by the Guardian and Trustee."

The Successor Trustee, Carol Felsing, testified and the summary of her findings was entered into evidence as Exhibit 1. It indicated that there were amounts due from Julia, Paul, and John Herzog. Ann Herzog also testified that her mother, Mary, prior to her incapacity, had authorized those disbursements. The Court finds that those amounts are not due and owing to the Trust.

As to the amounts that the Petitioners are seeking from Anne Herzog, there was differing testimony as to the amount that was due from her. Ultimately, the Settlement Agreement states that the amount due is solely determined by the Guardian and the Trustee. Ms. Felsing's summary, entered into evidence as Exhibit 1, claims that Anne Herzog owes a total of $219,187.99. This amount represents money due and owing to the trust from improper distributions by Anne Herzog, and for the accounting that was done by Ms. Felsing. Ms. Felsing also gave Anne Herzog credit in the amount of $125,000.00 as was agreed upon in the Settlement Agreement. The Court accepts the amount of improper distributions in Ms. Felsing's summary in the amount of $182,321.61 which represents the amount in the summary minus the cost of the accounting. The Court does not find that it is proper for the accounting to be charged to Anne because the Settlement Agreement itself contemplated that an accounting would be completed by the Successor Trustee. While Ms. Herzog did have a duty to keep the records related to the guardianship and provide yearly accountings pursuant to the statute, those claims were waived once the Settlement Agreement was entered into. The Court finds Ms. Herzog's

testimony to be credible in that she did not unnecessarily delay the accounting. Ms. Herzog testified that she turned over all of the boxes and documents that she had to the Guardian and had health and personal problems during the pendency of this litigation that contributed to her inability to timely meet with the Successor Trustee.

Accordingly, it is ORDERED AND ADJUDGED that Anne Herzog be required to pay back to the Trust of Joseph and Mary Herzog, the amount of $182,321.61.

DONE AND ORDERED in Chambers at Sanford, Seminole County, Florida, this 3rd day of February, 2017.

Melissa D. Souto
Circuit Judge

**I HEREBY CERTIFY** that a true and correct copy has been furnished this 16th day of February, 2017 by e-mail to: Anita Barber, Esq., anita@abarberlaw.com; Gary Wohlust, Esq., PGW@wohlustlaw.com; Michael Gay, Esq., mgay@foley.com; Alexander Douglas, Esq., litservice@shuffieldlowman.com; Meredith Motsinger, Esq., mitzi@motsingerlaw.com; John Herzog, john_k_herzog@yahoo.com.

*Kendra Coley*
Judicial Assistant

*"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Court Administration, 301 North Park Avenue, Sanford, FL 32771, telephone number (407) 665-4227 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."*